UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| REX HATHAWAY, *et al.*, | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) |
| v. | ) No. 1:10 CV 195 |
| | ) |
| CINTAS CORPORATE SERVICES, *et al.*, | ) |
| | ) |
| **Defendants.** | ) |

## OPINION AND ORDER

Defendant The Lincoln Electric Company ("Lincoln") has moved to dismiss Counts IV and V of plaintiffs' complaint pursuant to FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6) for failure to state a claim. (DE # 23.) Plaintiffs, Rex and Tammy Hathaway ("the Hathaways"), have filed a response. (DE # 53.) In brief, the Hathaways state that Mr. Hathaway, while employed as a welder/plasma torch operator, was using a plasma cutter designed and manufactured by Lincoln. (DE # 1 at ¶¶ 12-13, 16.) The Hathaways allege that when Mr. Hathaway was using the plasma cutter his uniform shirt suddenly ignited causing him to suffer extensive third degree burns on his torso, chest, neck, abdomen, underarms, ears and face. (*Id.* at ¶¶ 13, 18.)

Lincoln argues that Count IV of the Hathaways' complaint, a claim of negligence based on product liability against Lincoln, should be dismissed. (DE # 23 at 2-3.) Lincoln argues that under the Indiana Product Liability Act ("IPLA") plaintiffs can bring only a single cause of action for injuries caused by a product and, therefore, claims of negligence are superseded by claims of strict liability. (DE # 23-1 at 3.) Lincoln

argues that the Hathaways' Count IV based on negligence should be dismissed because they also state a strict liability claim under their Count VI. (*Id.*) The Hathaways agree that Count IV of their complaint is "superseded by or merged into" Count VI of their complaint. (DE # 53 at 1 (citing *Henderson v. Freightliner, LLC*, No. 1:02-cv-1301, 2005 U.S. Dist. LEXIS 5832, at *2-3, *8-9 (S.D. Ind. Mar 24, 2005).) Therefore, the Hathaways state that they do not oppose dismissal of Count IV of their complaint. Therefore, Lincoln's **motion will be granted as to Count IV, and Count IV will be dismissed**.

Lincoln also argues that the Hathaways' Count V, breach of warranty, should be dismissed. (DE # 23-1 at 3.) Lincoln states that it is difficult to discern what breach of warranty claims are included in this count and that it appears to include claims of breach of express warranty, breach of the implied warranty of merchantability, and breach of the implied warranty of fitness for a particular purpose. (*Id.*) Lincoln argues that all of these claims should be dismissed. (*Id.*)

First, Lincoln argues that the claims based on implied warranties should be dismissed because the IPLA supersedes claims of breach of implied warranty. (*Id.* at 4.) The Hathaways agree that "the IPLA effectively supplants both common law negligence and . . . breach of implied warranty claims." (DE # 53 at 2 (citing *Henderson*, 2005 U.S. Dist. LEXIS 5832, at *9).) They state that their claims for breach of implied warranty under Count V should be dismissed. (DE # 53 at 2.) Accordingly, the Hathaways' claims for breach of implied warranty under Count V, including breach of

the implied warranty of merchantability and breach of the implied warranty of fitness for a particular purpose **will be dismissed.**

Next, Lincoln argues that the Hathaways' claims based on breach of express warranty should be dismissed. (DE # 23-1 at 4.) It states that the plaintiffs have not attached any document or any language setting forth the actual express warranty. (*Id.*) It argues that without that language, the Hathaways have not provided it with fair notice of what express warranty has been breached. (*Id.*) In response, the Hathaways argue that they are not required to provide the actual express warranty language and that the statement of express warranty in their complaint was sufficient to state a claim for breach of express warranty. (DE # 53 at 2.)

A court can dismiss a claim of relief under FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6) for a "failure to state a claim upon which relief can be granted." In considering a motion to dismiss under RULE 12(b)(6) the court accepts all of "the complaint's well-pleaded allegations as true" and draws "all favorable inferences for the plaintiff." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006). A complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a). The complaint "must provide 'only enough detail to give the defendant fair notice of what the claim is and the grounds upon which it rests, and, through his allegations, show that it is plausible, rather than merely speculative, that he is entitled to relief.'" *Reger Dev., LLC v. Nat'l City Bank*, 592 F.3d 759, 764 (7th Cir. 2010) (citing *Tamayo v. Blagovich*, 526 F.3d 1081, 1083 (7th Cir. 2008)). To meet the plausibility

standard, a plaintiff must "plead factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).

To state a claim for breach of an express warranty, a plaintiff must allege that "a product failed to conform with an affirmative statement of fact or promise or an express description of the goods." *See Anthony v. Country Life Mfg., LLC.*, 70 Fed. Appx. 379, 383 (7th Cir. July 2, 2003) (unpublished). As to their claim of breach of express warranty, the Hathaways' complaint states:

> 65. Lincoln Electric expressly warranted by affirmation, promise, description, and/or sample that the Plasma Cutter was safe, free of defects, and reasonably fit for its intended purpose.
>
> 68. Lincoln Electric breached its express warranties . . . in that its product, which Lincoln Electric placed into the stream of commerce, and which ultimately caused harm to Plaintiffs, was unsafe, defective, unreasonably dangerous, unfit for its ordinary purpose for which such good is used, and unfit for the particular purpose for the Plasma Cutter was sold to Quick Cut.

(DE # 1 at ¶¶ 65, 68.) District courts within the Seventh Circuit have found that similar factual allegations have been sufficient to state a claim for breach of express warranty. *See e.g., Cincinnati Ins. Cos. v. Hamilton Beach/Proctor-Silex, Inc.*, No. 4:05-cv-49, 2006 U.S. Dist. LEXIS 9807, at *12 (N.D. Ind. Feb. 7, 2006) (stating that "to withstand a motion to dismiss, [plaintiffs] are not required to recite the terms of an alleged express warranty beyond the statement that the product was covered by such a warranty").

In *American International Insurance Co. v. Gastite*, a case relied upon by the Hathaways, the plaintiffs pleaded that the defendant "expressly guaranteed that [its

4

product] was safe for its intended use." No. 1:08-cv-1360, 2009 U.S. Dist. LEXIS 41529, at *8 (S.D. Ind. May 14, 2009). The defendant argued that the plaintiff's express warranty claim should be dismissed because the plaintiff only stated that the express warranty existed and did not state what it entailed. *Id.* The court rejected this argument and found that the plaintiff's allegations were "sufficient to put Defendant on notice of the gravamen of Plaintiff's express warranty allegation." *Id.* Similarly in *Smith v. BOC Group PLC*, the defendants argued that the plaintiffs' express warranty claim should be dismissed because the complaint did not include the terms of the express warranty. No. 00-cv-7909, 2001 U.S. Dist. LEXIS 5712, at *19 (N.D. Ill. May 3, 2001). The court found that the plaintiffs had recited the terms of the alleged warranty by pleading:

> Defendants made express and implied affirmations of fact and promises to the buyer and users, including plaintiffs, the language of which . . . stated that the aforementioned products were safe and did not cause neurological, immunological or metabolic disease or increased risk of cancer or mutagenic effects in humans, including the plaintiffs.

*Id.* The court assumed that this was a statement of the terms of the express warranty and denied the defendants' request to dismiss this claim. *Id.*

Like the plaintiffs in *Gastite* and *Smith*, the Hathaways have alleged that Lincoln made affirmations that its product was safe. The court finds that the Hathaways have alleged the affirmation that created the terms of the express warranty and have given

5

Lincoln fair notice of the "gravamen" of their express warranty allegation. Accordingly, Lincoln's motion to **dismiss the express warranty claim will be denied**.[1]

In sum, Lincoln's motion to dismiss Counts IV and V (DE # 23) is **GRANTED in relation to Count IV and the implied warranty claims in Count V and DENIED in relation to the express warranty claim in Count V**. Count IV is **DISMISSED**. Plaintiffs' claims for breach of implied warranty under Count V, including breach of the implied warranty of merchantability and breach of the implied warranty of fitness for a particular purpose, are **DISMISSED.** Lincoln's motion to dismiss the Hathaways' express warranty claim in Count V is **DENIED**, and that claim survives Lincoln's motion to dismiss.

**SO ORDERED.**

Date: December 1, 2010

 s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT

---

[1] The court notes that it is possible that this claim should be dismissed for a reason not addressed by either party. Under Indiana law, an express warranty is created when a seller presents an affirmation of fact, a promise, a sample, a model, or a description of goods to the buyer that is made part of the basis of the bargain between the seller and the buyer. IND. CODE § 26-1-2-313 (2010). Nothing in the complaint alleges that the Hathaways entered into any type of bargain or purchase agreement with Lincoln. In order to have a claim for breach of express warranty, the Hathaways will have to show that they were in privity of contract with the purchaser of the Plasma Cutter, Mr. Hathaway's employer, but none of the allegations in the complaint show that they will be able to do so. *See* IND. CODE § 26-1-2-318 (2010); *Davidson v. John Deere Co.*, 644 F. Supp. 707, 713 (N.D. Ind. 1986) (finding that there is no privity of contract under Indiana law between a buyer and his employees). However, since Lincoln has not raised this argument and the parties have not had an opportunity to brief this issue, the court will not dismiss the claim at this time.