UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| **REX HATHAWAY and** ) | |
| **TAMMY HATHAWAY,** ) | |
|     **Plaintiffs** ) | |
| ) | |
| v. ) | No. 1:10 CV 195 |
| ) | |
| **CINTAS CORPORATE SERVICES, INC.,** ) | |
| **CINTAS CORPORATION #2 d/b/a** ) | |
| **CINTAS CORPORATION, CINTAS FIRE** ) | |
| **PROTECTION AND CINTAS FIRST AID** ) | |
| **& SAFETY, THE LINCOLN ELECTRIC** ) | |
| **COMPANY, AIR GAS – MID AMERICA,** ) | |
| **INC., and AIR GAS – NORTH CENTRAL,** ) | |
| **INC.,** ) | |
| ) | |
|     **Defendants.** ) | |

## OPINION AND ORDER

Defendants Airgas-Mid America and Airgas-North Central (collectively "Airgas") have moved for summary judgment on Count VII of plaintiffs' complaint.[1] (DE # 93.) That Count alleges that Airgas sold the Pro Cut 80 plasma cutter, the machine plaintiff Rex Hathaway was using the day of the accident, to Mr. Hathaway's employer Quik Cut (DE # 1 at 4), and therefore, Airgas had several duties with regard to that product. (*Id.* at 19.) Specifically, plaintiffs allege that Airgas "had a duty to sell a Plasma Cutter which was safe for its intended use[;]" "had a duty to properly train the Quik Cut employees on the safe use of the Plasma Cutter[;]" "had a duty to warn Quik

---

[1] For a more detailed account of the facts of this case, *see* DE # 128.

Cut's employees including Rex [Hathaway], of any inherent dangers associated with the Plasma Cutter[;]" and "had a duty to offer and/or sell the proper safety and personal protective equipment at the time they sold the Plasma Cutter." (*Id.* at 19-20.)

Defendant Airgas argues that it is entitled to summary judgment on this Count because Airgas did not, in fact, sell Quik Cut the Plasma Cutter that Rex was using when he was injured. (DE # 94 at 4.) Airgas argues that because it did not supply the Plasma Cutter in question, it owed no duty to plaintiffs, and therefore, is not liable. (*Id.*) Plaintiffs have not responded to this motion.

To prevail on a claim of negligence under Indiana law, "a plaintiff is required to prove: (1) a duty owed by the defendant to the plaintiff; (2) a breach of that duty by the defendant; and (3) an injury to the plaintiff proximately caused by the breach." *Ford Motor Co. v. Rushford*, 868 N.E.2d 806, 810 (Ind. 2007).[2] "Whether the defendant owed the plaintiff a duty is a pure question of law for the court to decide." *Birch v. Midwest Garage Door Sys.*, 790 N.E.2d 504, 510 (Ind. Ct. App. 2003); *see also Holtz v. J.J.B. Hilliard W.L. Lyons, Inc.*, 185 F.3d 732, 740 (7th Cir. 1999). "Absent a duty, there can be no breach of duty and thus no negligence or liability based upon the breach." *Peters v. Forster*, 804 N.E.2d 736, 738 (Ind. 2004). The Indiana Supreme Court has laid out three factors for

---

[2] If this claim were to proceed, it would likely be analyzed under the Indiana Products Liability Act. *See* IND. CODE 34–20–1–1. The standard negligence analysis applies under the products liability act for claims of design defect or failure to warn, which plaintiffs appear to be alleging in their complaint. (*See* DE # 1 at 19-20); *see also TRW Vehicle Safety Sys., Inc.* 936 N.E.2d 201, 214 (Ind. 2010); *Cook v. Ford Motor Co.,* 913 N.E.2d 311, 319 (Ind. Ct. App. 2009).

courts to use in determining whether a duty exists: "(1) the relationship between the plaintiff and defendant; (2) the reasonable foreseeability of harm to the person injured by the defendant's conduct; and (3) public policy concerns." *Houser v. Kaufman*, 972 N.E.2d 927, 938 (Ind. Ct. App. 2012) (citing *Webb v. Jarvis,* 575 N.E.2d 992, 995 (Ind. 1991)); *see also Perdue Farms, Inc. v. Pryor*, 683 N.E.2d 239, 241-42 (Ind. 1997).

Airgas argues that it cannot be held liable on a theory of negligence because it was in no way related to Quik Cut's acquisition of the plasma cutter in question. (DE # 94 at 4.) Specifically, Airgas directs the court to the affidavit of Dennis Vetter, President of Arc Solutions. (DE # 94-4.) In that affidavit, Vetter states that Arc Solutions received a Lincoln Electric Pro Cut 80 plasma cutter from Quik Cut to be repaired.[3] (*Id.*) After Arc Solutions could not repair that device, Lincoln sent Arc Solutions another Lincoln Electric Pro Cut 80 plasma cutter in May 2008. (*Id.*). Arc Solutions then directly forwarded that machine to Quik Cut. (*Id.*)

Additionally, Airgas has presented evidence that at the time of his injury, Rex Hathaway was using the only Pro Cut 80 plasma cutter owned by Quik Cut. (DE # 1 at 4; DE # 94 at 2; DE # 94-2 at 9.) That machine had the same serial number as the machine that Arc Solutions sent to Quik Cut in May 2008. (DE # 94 at 2; DE # 94-3, DE # 94-4.) Therefore, the evidence presented shows that plaintiff Rex Hathaway was

---

[3] The affidavit does not indicate when the first plasma cutter was received by Arc Solutions.

using a Pro Cut 80 plasma cutter that his employer had received from defendant Lincoln Electric through Arc Solutions.

Airgas, thus, argues that plaintiffs have no evidence that it was in any way involved in the acquisition of that plasma cutter. If Airgas had no involvement with Quik Cut's acquisition of the Pro Cut 80 plasma cutter that injured Rex Hathaway, it did not owe any duty to Rex Hathaway, because it had no relationship with plaintiffs, and would have no reason to foresee harm to Rex Hathaway. *Houser*, 2012 WL 3251279, at *8. If Airgas owed no duty to plaintiffs, defendant Airgas could not have been negligent.

Here, the undisputed evidence shows that Airgas had absolutely nothing to do with Quik Cut's acquisition of its Pro Cut 80 plasma cutter, and Airgas did not owe plaintiffs any duty. Therefore, defendant Airgas has met its initial burden on summary judgment. Because plaintiffs have not responded or directed the court to any evidence which would indicate that Airgas was somehow involved with Quik Cut's acquisition of the plasma cutter and thus owed plaintiffs a duty, defendant Airgas's motion for summary judgment on Count VII of plaintiff's complaint is **GRANTED**. (DE # 93.)

**SO ORDERED.**

Date: September 28, 2012

s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT